UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STACEY GOLDEN, Individually
and on Behalf of All Other
Persons Similarly Situated,

                     Plaintiffs,

            -against-

MERRILL LYNCH & CO., INC. and MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.

                     Defendants.

------------------------------------------------------------X

JUDGE SWEET

06 CV 2970

**COMPLAINT AND JURY DEMAND**



RECEIVED
APR 18 2006
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of herself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.    Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a1, *et seq.* ("NJWHA").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, Stacey Golden was, at all relevant times, an adult individual, residing in North Plainfield, New Jersey.

7.      (a) Upon information and belief, Merrill Lynch & Co., Inc. is a Delaware corporation, with its principal place of business at 4 World Financial Center, 250 Vesey St., City, County, and State of New York.

(b) Upon information and belief, Merrill Lynch, Pierce, Fenner & Smith, Inc. is a wholly owned subsidiary of Merrill Lynch & Co., Inc. and both will collectively be referred to as Defendants.

## COLLECTIVE ACTION ALLEGATIONS

8.     Pursuant to 29 U.S.C. §207, Plaintiffs seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in its operations centers, located anywhere in the United States, as operations center support staff at any time since April 13, 2006 to the entry of judgment in this case (the "Collective Action Period"), who were classified by Defendants as exempt from the provisions of the FLSA, while at the same time, being assigned by Defendants a primary duty that is inconsistent with exempt status . These non-exempt employees of the Defendants were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

9.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 5,000 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may

3

be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. whether Defendants' operations center support staff were improperly and uniformly classified as exempt, in violation of the FLSA;

    c. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

    d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    e. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    f. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder by virtue of its uniform designation of claims analysts as exempt;

    g.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    h.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    i.  whether Defendants should be enjoined from such violations of the FLSA in the future.

13.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

14.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

15.    Plaintiff brings her New Jersey Wage and Hour Act claim on behalf of all persons who were employed by Defendants as support staff in any of its operations centers at any time since April 13, 2003, to the entry of judgment in this case (the "Class Period"), who were classified by Defendants as exempt from the provisions of the NJWHA, while at the same time, being assigned by Defendants a primary duty that is inconsistent with exempt status of the NJWHA (the "Class").

16.    The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the

Defendants, upon information and belief, there are at least 5,000 members of the Class during the Class Period.

17. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

18. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

20. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

21. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendants employed the members of the Class within the meaning of the NJWHA;

    b. whether Defendants' operations center support staff were improperly and uniformly classified as exempt, in violation of the NJWHA;

    c. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

    d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    e. whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of NJWHA;

    f. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

    g. whether the Defendants should be enjoined from such violations of the NJWPL in the future.

## STATEMENT OF FACTS RELATING TO THE COLLECTIVE ACTION MEMBERS AND THE CLASS

22.    At all relevant times, Defendants provided capital market services, investment banking and advisory services, wealth management, asset management, insurance, banking and related products and services on a global basis in 36 countries including the United States and the State of New Jersey. Upon information and belief Defendants manage over $1.6 Trillion in client funds, have annual revenue exceeding $22 Billion, is rated number 58 by "Fortune" and employ over 50,000 people.

23.    Starting in or about 1994 until in or about June 2004, Plaintiff was employed by Defendants in a support position at the Defendants' "operations center" located in Pendleton, New Jersey.

24. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

25. Plaintiff's primary duty did not include work requiring the exercise of discretion and independent judgment. Instead, it involved gathering facts related to questions in tax related areas that arose from other offices of the Defendants and evaluated the facts and the applicable law to determine the proper manner of processing a matter and performed related clerical tasks such as filling out forms provided by Defendants relating to the matters.

26. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the NJWHA. Instead, they were paid a weekly amount as a salary regardless of whether they worked in excess of forty hours a week.

27. Throughout Plaintiff's employment by Defendants and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that did not require the exercise of discretion and independent judgment.

28. Such individuals have worked in excess of forty hours a week or more, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the NJWHA. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

29. During the course of Plaintiff's own employment, and while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

30. Throughout all relevant time periods, upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

31. Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

35. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

9

37. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

40. Due to the Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW JERSEY WAGE PAYMENT LAW

41.     Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

42.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the NJWHA.

43.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

44.     The Defendants' NJWHA violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

45.     Due to the Defendants' NJWHA violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NJWHA;

d.  An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.  An award of unpaid overtime compensation due under the FLSA and the NJWHA;

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to NJWHA;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 13, 2006

By: _____
Seth R. Lesser (SL 5560)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838- 5357
www.lockslaw.com

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**